IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES PHILLIPS,

    Plaintiffs,                  No. CIV S-09-3266 DAD P

    vs.

L. FISHERMAN et al.,

    Defendants.                <u>ORDER</u>

_____/

        On November 20, 2009, defendants Fisherman, James, Turner, Gallo, and Bick removed this action from state court pursuant to 28 U.S.C. § 1441. Defendants have filed a motion, asking the court to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A and asking the court for ninety days from the date of the court's screening order to file a response to the complaint. Defendants have also paid the filing fee for this action.

**REMOVAL**

        Title 28 U.S.C. § 1441(a) provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

/////

1

Plaintiff is a state prisoner proceeding pro se. In his complaint, he alleges that the defendants have violated his right to receive adequate medical care as guaranteed by the Eighth Amendment. Because plaintiff alleges a violation of his federal constitutional rights, defendants have properly removed this action from state court.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified Dr. Fisherman, Dr. James, Dr. Turner, Dr. Gallo, Dr. Bick, and "Employees of California Medical Facility" as the defendants in this action. Plaintiff's complaint is made up of vague allegations and is difficult to decipher. However, plaintiff appears to allege that the defendants transferred him from the Correctional

Clinical Case Management System ("CCCMS") to the Enhanced Outpatient Program ("EOP") because they believe he suffers from delusions. Plaintiff maintains that he does not suffer from delusions but rather suffers from insomnia. Plaintiff alleges that the defendants eventually returned him to CCCMS and the general population. However, plaintiff also alleges that his insomnia has worsened since returning to CCCMS because he now lives in a noisy twelve-man dormitory. Plaintiff alleges that he has informed the defendants of his insomnia and has asked them to prescribe him certain medication and to admit him to a hospital or return him to the EOP based on his medical condition, but they have denied his requests. Plaintiff claims that the defendants have violated his rights under the Eighth Amendment and various state regulations. In terms of relief, plaintiff requests monetary damages. (Compl. at 1-2 & Attach.)

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In any amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of his rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

4

between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff elects to pursue this action by filing an amended complaint, he is advised that all defendants must be identified in the caption of his pleading and that all defendants must be named, with position and place of employment, in the section of the form designated for that purpose. In his original complaint, plaintiff names "Employees of California Medical Facility" as a defendant. Plaintiff is advised that "Employees of California Medical Facility" is not a proper defendant. Plaintiff is further advised that the court cannot order additional service of any defendants not actually identified by name in his amended complaint.

Plaintiff is also advised of the following legal standards that appear to govern the claims he is attempting to present. First, in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In his original complaint, plaintiff alleges that he disagrees with defendants' decision to keep him in CCCMS and the general population. He likewise disagrees with defendants' decision not to prescribe him certain medication for his insomnia. Plaintiff is cautioned that such mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332

5

1  (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). In any amended complaint, plaintiff must allege facts demonstrating how the defendants' actions rose to the level of "deliberate indifference." In this regard, plaintiff must allege in specific terms how each defendant was involved in the denial of his medical care.

Insofar as plaintiff has attempted to assert a claim against defendants under various state regulations, he is advised that he fails to state a cognizable claim for relief. Section 1983 provides a cause of action only for violations of the United States Constitution and federal laws. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Plaintiff has filed what appears to be a motion for judicial notice of his opposition to defendants' notice of removal filed in the Solano County Superior Court. Plaintiff has also filed a copy of his opposition in this case. Since plaintiff's opposition to defendants' notice of removal is now a part of the record in this case, the court will deny plaintiff's motion for judicial notice as unnecessary.

/////

/////

# CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

3. Defendants' motion to screen plaintiff's complaint (Doc. No. 4) is granted.

4. Defendants' request for a ninety-day extension of time to file a response to plaintiff's complaint (Doc. No. 4) is denied as unnecessary. In the event that plaintiff files an amended complaint and the court determines that it states a cognizable claim for relief, the court will direct the defendants at that time to file an appropriate response.

5. Plaintiff's motion for judicial notice (Doc. No. 8) is denied as unnecessary.

6. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: February 18, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
phil3266.14