IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES PHILLIPS,

   Plaintiff,       No. 2:09-cv-3266 GEB DAD P

  vs.

L. FISHERMAN, et al.,

   Defendants.      ORDER

_____/

   Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are several motions filed by parties.

   First, on May 9, 2012, plaintiff filed a motion to temporarily stay these proceedings. In his motion, plaintiff explains that he suffers from severe insomnia and has little education, making it difficult for him to read. Plaintiff is advised that the United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North America Co., 299 U.S. 248, 254-55 (1936). In this regard, "the proponent of the stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

1    In this case, a stay would not promote economy of time, effort, or resources for
2 the court or for any of the litigants. Specifically, there is no guarantee that, were the court to
3 grant a temporary stay of the case, plaintiff would be any more able to diligently prosecute this
4 case upon its lifting. Plaintiff has not indicated in his motion that his insomnia or any of the
5 other circumstances allegedly impeding his ability to prosecute this case will be resolved in the
6 near future. For these reasons, a stay would not be beneficial. Accordingly, the court will deny
7 plaintiff's motion for a stay.

8    Also pending before the court is defendants' motion for summary judgment and
9 subsequently-filed motion asking the court to allow plaintiff an additional thirty days to oppose
10 their dispositive motion in light of Woods v. Carey, 684 F.3d 934 (9th Cir. 2012). Good cause
11 appearing, the court will grant defendants' subsequently-filed motion and allow plaintiff an
12 additional thirty days to file his opposition, if any, to defendants' motion for summary judgment.
13 In addition, the court will inform plaintiff once again of the requirements for opposing a motion
14 for summary judgment pursuant to Fed. R. Civ. P. 56.

15    Pursuant to the decisions in Woods v. Carey, Rand v. Rowland, 154 F.3d 952, 957
16 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court
17 hereby informs plaintiff that a motion for summary judgment is a request for an order for
18 judgment in favor of the defendant without trial. A defendant's motion for summary judgment
19 will set forth the facts that the defendant contends are not reasonably subject to dispute and that
20 entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must
21 show proof of his or her claims. Plaintiff may do this in one or more of the following ways.
22 Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the
23 complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff
24 specifies those parts of the complaint on which plaintiff relies. Plaintiff may serve and file one
25 or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's
26 claims; the person who signs an affidavit or declaration must have personal knowledge of the

facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d). If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay these proceedings (Doc. No. 52) is denied;

2. Defendants' motion to grant plaintiff additional time to oppose the pending motion for summary judgment (Doc. No. 54) is granted;

3. Within thirty days of the date of this order, plaintiff shall file an opposition to defendants' motion for summary judgment in light of and in keeping with the standards set forth above. In the alternative, if plaintiff no longer wishes to proceed with this matter, he shall file a request to dismiss this action without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

DATED: August 20, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
phil3266.46